ROBBINS LLP
BRIAN J. ROBBINS (190624)
brobbins@robbinsarroy.com
CRAIG W. SMITH (164886)
csmith@robbinsllp.com
SHANE P. SANDERS (237146)
ssanders@robbinsllp.com
ASHLEY R. RIFKIN (246602)
arifkin@robbinsarroyo.com
STEVEN R. WEDEKING (235759)
swedeking@robbinsllp.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

WEISSLAW LLP
DAVID C. KATZ (admitted *pro hac vice*)
dkatz@weisslawllp.com
MARK D. SMILOW (*pro hac* to be filed)
msmilow@weisslawllp.com
JOSHUA RUBIN (*pro hac* to be filed)
jrubin@weisslawllp.com
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

WEISSLAW LLP
Joel E. Elkins
jelkins@weisslawllp.com
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile (310) 209-2348

*[Proposed] Co-Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-05153-YGR<br><br>(Consolidated with Cases No. 4:19-cv-05863-YGR, 4:19-cv-05881-YGR, and 4:19-cv-08246-YGR)<br><br>NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                                    4:19-cv-05153-YGR

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..............................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................1

I.     SUMMARY OF ARGUMENT ............................................................1

II.    PERTINENT FACTS ...........................................................................3

       A.     Factual Background ..................................................................3

       B.     Procedural History and Plaintiffs' Negotiations........................5

III.   ROBBINS AND WEISSLAW SHOULD BE APPOINTED CO-LEAD COUNSEL........6

       A.     Robbins' and WeissLaw's Extensive Experience and Record of Success Support their Appointment as Co-Lead Counsel....................................................7

              1.     Robbins LLP ..................................................................7

              2.     WeissLaw.......................................................................11

       B.     Robbins' and WeissLaw's High Quality Pleadings and Efforts to Coordinate and Advance the Litigation to Date Support their Appointment as Co-Lead Counsel 13

       C.     The First-Filed Factor Weighs in Favor of Appointing Robbins and WeissLaw as Co-Lead Counsel ..................................................15

IV.    CONCLUSION..................................................................................16

1

## TABLE OF AUTHORITIES

2

**CASES**                                                                                          **PAGE(S)**

3

*Berkowitz ex rel. Affymetrix, Inc. v. Fodor,*
4      2006 WL 3365587 (N.D. Cal. Nov. 20, 2006) ....................................................7

5

*Biondi v. Scrushy,*
      820 A.2d 1148 (Del. Ch. 2003), *aff'd sub nom. In re HealthSouth Corp.*
6      *Shareholders Litig.*, 847 A.2d 1121 (Del. 2004) ...........................................15

7

*Brown v. Kelly,*
8      2006 WL 3411868 (N.D. Cal. Nov. 27, 2006) ..................................................7

9

*Gallardo v. Bennett,*
      2006 WL 2884497 (N.D. Cal. Oct. 10, 2006)....................................................7

10

*Hacker v. Peterschmidt,*
11      2006 WL 2925683 (N.D. Cal. Oct. 12, 2006)................................................6, 7

12

*Kamen v. Kemper Fin. Servs. Inc.,*
      500 U.S. 108 (1991)...........................................................................................14
13

14

*Millman ex rel. Friedman's, Inc. v. Brinkley,*
      2004 WL 2284505 (N.D. Ga. Oct. 1, 2004) ..................................................6, 7

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                    4:19-cv-05153-YGR

**NOTICE OF MOTION AND MOTION**

Plaintiffs Terrence Zehrer ("Zehrer"), Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation (collectively, the "ZFFR Group") hereby move the Honorable Yvonne Gonzalez Rogers for an order granting their motion to appoint Robbins LLP and WeissLaw LLP as Co-Lead Counsel ("Motion").  Pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Rule 42") and the Court's March 11, 2020, Order Granting Stipulation and Order to Consolidate and Stay Related Actions and Setting Schedule on Motions for Leadership ("Consolidation Order") the ZFFR Group will, and hereby does, move this Court for an order appointing Robbins LLP ("Robbins") and WeissLaw LLP ("WeissLaw") as Co-Lead Counsel for plaintiffs in this consolidated stockholder derivative action (the "Consolidated Action").  The Motion is based on (i) this notice; (ii) the incorporated Memorandum of Points and Authorities; (iii) the Declarations of Craig W. Smith ("Smith Decl."), Shane P. Sander ("Sanders Decl."), Ashley R. Rifkin ("Rifkin Decl."), David C. Katz ("Katz Decl."), and Justin A. Kuehn ("Kuehn Decl.") in support of the Motion;[1] (iv) the [Proposed] Order Appointing Robbins and WeissLaw as Co-Lead Counsel; (v) the complete files and records in these actions; and (vi) such oral argument as the Court may consider in deciding the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    SUMMARY OF ARGUMENT**

The plaintiffs in the Consolidated Action[2] assert claims for, *inter alia*, breaches of fiduciary duty, waste of corporate assets, and unjust enrichment on behalf of nominal defendant Apple, Inc. ("Apple" or the "Company") against certain of its officers and directors ("Individual Defendants") arising out of Apple's decision to address widespread shutdowns of older model iPhones by secretly delivering software embedded in operating system ("iOS") updates that dramatically slowed performance, rather than advising consumers that an inexpensive battery update would solve the problem without impairing performance.

---

[1] The Kuehn Decl. is attached as Exhibit B to the Smith Decl.

[2] The Consolidated Derivative Action includes *Zehrer v. Cook, et al.*, 5:19-cv-0515 (the "*Zehrer* Complaint"); *Fine v. Cook, et al.*, 5:19-cv-05863 (the "*Fine* Complaint"); *Bankhalter v. Cook, et al.*, 5:19-cv-05881 (the "*Bankhalter* Complaint"); and *Votto v. Cook, et al.*, 5:19-cv-08246.

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                    4:19-cv-05153-YGR

When private investigations revealed Apple's surreptitious installation of performance-degrading software, the Company was forced to admit that it had intentionally slowed the performance of older model iPhones, and subsequently announced that it would offer replacement batteries at a $50 discount from the regular price of $79.  The ensuing consumer backlash cost Apple hundreds of millions of dollars in lost sales, belated remediation efforts, and costs to defend and settle consumer class actions.  The Company remains exposed to significant costs of defense and potential liability in two related securities class actions pending before this Court.

The Consolidation Order set a deadline for the plaintiffs to agree and stipulate to a proposed leadership structure or to move for the appointment of lead counsel.  As set forth in the stipulation accompanying the proposed Consolidation Order, all plaintiffs agree that appointment of a leadership structure would help to realize the efficiencies promised by consolidation, simplify the administration of the Consolidated Action, and facilitate the effective representation of Apple's interests.  Robbins and WeissLaw led negotiations among plaintiffs' counsel in an effort to reach an agreement that balanced the interests of inclusion with the need for a simple and cohesive leadership structure to coordinate communications among counsel and the Court, avoid unnecessary duplication of effort, and effectively represent Apple's interests in the derivative claims.  Unfortunately, plaintiffs were unable to reach agreement.

The ZFFR Group respectfully submits that Robbins and WeissLaw should be appointed to serve as Co-Lead Counsel for the plaintiffs.  The firms in three of the four stockholder derivative actions consolidated by the Court's March 11, 2020, Consolidation Order support this motion to appoint Robbins and WeissLaw Co-Counsel.  Collectively, the firms supporting this motion represent individual and foundation stockholders that own 8,084 shares of Apple stock worth over $2.25 million.  Only one plaintiff—Alan Bankhalter—opposes this leadership structure in favor of the appointment his own lawyers as co-lead counsel.

Robbins and WeissLaw are well-qualified to serve as Co-Lead Counsel.  Robbins, a California-based shareholder rights litigation firm, has a decades-long track record of delivering outstanding results

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                    4:19-cv-05153-YGR

in shareholder derivative actions.  WeissLaw, with offices in New York, California, and Georgia, is also among the established leaders of the shareholder rights bar, having secured hundreds of millions of dollars and important corporate governance reforms for dozens of public companies.  Robbins and WeissLaw have the necessary experience, skills, staff, and information technology infrastructure to prosecute the derivative claims efficiently and effectively.

Robbins and WeissLaw have already demonstrated their commitment to the action, as well as their skilled and practical leadership, by timely filing high quality pleadings (Robbins commenced the first-filed *Zehrer* action four weeks before the next action was filed); preparing and serving a books and records demand pursuant to California Corp. Code §1601(a); leading the initial scheduling and consolidation negotiations among plaintiffs' and defendants' counsel; preparing and circulating the Stipulation and [Proposed] Order to Consolidate and Stay Related Actions and Setting Schedule on Motions for Leadership ("Stipulation and Proposed Order for Consolidation"); and then securing the agreement of all but one plaintiff to the leadership structure proposed by this Motion.

The ZFFR Group's significant and longstanding ownership of Apple stock further supports the appointment of Robbins and WeissLaw as Co-Lead Counsel.  They will have no difficulty meeting the contemporaneous and continuous holding requirement for standing to proceed derivatively, and their significant positions ensure that their interests are properly aligned with Apple and its nonparty stockholders, and that their lawyers will be zealous advocates.

## II.   PERTINENT FACTS

### A.   Factual Background

Apple's iPhone smartphone is the Company's flagship product, and the source of the vast majority of its revenues and profits.  Apple typically releases a new, higher priced iPhone model each year.

In late 2016, older model iPhones began shutting down without warning.  Apple knew these shutdowns were caused by the iPhone's aging battery, which delivered power unevenly and could not handle the processing demands of the updated versions of iOS.  Simply replacing the battery on these older model iPhones would have resolved the issue.  But rather than alert customers about this quick, cost-

effective solution, beginning in January 2017, Apple published iOS updates that secretly "fixed" the shutdown issues by dramatically slowing the performance of older iPhone models, without the owner's knowledge or consent, prompting thousands of customers to purchase newer, costlier iPhone models to replace iPhones they believed were becoming obsolete.

In December 2017, independent investigations discovered the older iPhones' shutdowns were caused by their older batteries, not the iPhones themselves, and that, rather than address the battery issue, Apple had responded by secretly embedding software that slowed performance into iOS updates.  These reports confirmed suspicions that Apple was leveraging the battery problem to encourage users to buy new iPhones.  On December 20, 2017, consumer outrage forced Apple belatedly to admit that it had intentionally slowed the performance of older model iPhones.  On December 28, 2017, Apple announced that it would offer replacement iPhone batteries at a discount, charging $29 instead of $79.  The controversy came to be known as "Batterygate," and it jeopardized the consumer trust and confidence that had made the iPhone the world's leading smartphone brand and Apple's flagship product.

As these events unfolded, the Individual Defendants made and authorized misleading public statements touting strong iPhone demand, while concealing the fact that this demand had been driven in large part by customers who had purchased new iPhones in the mistaken belief that their older iPhones were obsolete, and failing to acknowledge the material downward pressure on sales exerted by increased competition aided and abetted by "Batterygate," fallout from the U.S.-China trade war, slumping Chinese economic growth, and price levels that began to outpace Chinese consumers' purchasing power in the iPhone's third-largest market.  On January 2, 2019, Apple's Chief Executive Officer ("CEO") Timothy D. Cook ("Cook") revealed in his "Letter from Tim Cook to Apple Investors" that Apple would fail to achieve the revenue guidance he had published just eight weeks earlier due to plummeting iPhone sales, which he attributed to the lack of upgrade purchases following announcement of the battery replacement program and the macroeconomic issues in China that Cook and other Individual Defendants had discounted in earnings conference calls with analysts.  In the wake of this disclosure, Apple's stock plunged nearly 10%,

- 4 -

or $15.73 per share, on January 3, 2019, to close at $142.19 per share compared to the previous trading day's closing of $157.92 per share, wiping out over $74 billion in market capitalization in a single day.

Consumers from around the world filed class action lawsuits against Apple in federal and state courts alleging violations of computer intrusion laws and consumer-protection laws, and a broad range of common law torts and remedies.  A settlement of the federal multi-district litigation pending in the U.S. District Court for the Northern District of California that will cost Apple between $310 and $500 million was announced on March 2, 2020.  The hearing on the motion for preliminary approval of the settlement is scheduled for May 15, 2020.  Several other consumer actions and government investigations by the U.S. Securities and Exchange Commission ("SEC") and the U.S. Department of Justice remain pending. In addition, Apple is incurring defense costs and faces significant potential liability in the two related federal securities class action lawsuits filed in the U.S. District Court for the Northern District of California on behalf of investors who purchased or held Apple stock while the Individual Defendants were publishing misleading statements about the strength of demand for Apple's new iPhones and associated earnings guidance.

### B.    Procedural History and Plaintiffs' Negotiations

On August 19, 2019, Robbins commenced the first action filed on behalf of stockholder-plaintiff Zehrer, followed one month later by complaints filed by: WeissLaw for stockholder-plaintiffs Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation on September 20, 2019; Gainey McKenna & Egleston for stockholder-plaintiff Alan Bankhalter, also on September 20, 2019; and Brodsky & Smith, LLC for stockholder-plaintiff John Votto, approximately three months later on December 18, 2019.

Craig W. Smith, the Robbins partner with primary responsibility for the *Zehrer* action, led negotiations among plaintiffs' counsel and with defense counsel regarding initial scheduling and case management, and secured agreement on the terms of the Stipulation and Proposed Order for Consolidation, which set out terms for consolidating the related stockholder derivative actions pending before this Court; staying defendants' obligation to respond to the complaints pending the outcome of

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    4:19-cv-05153-YGR

1    motions to dismiss the related securities actions; and set deadlines for plaintiffs to agree or to move for

2    appointment of lead counsel for plaintiffs.  Smith Decl., ¶13.  The Court entered the proposed order

3    pursuant to the stipulation on March 11, 2020.

4          Thereafter, Mr. Smith led the negotiations among plaintiffs' counsel regarding a leadership

5    structure that would facilitate the effective representation of Apple's interests in the derivative claims, and

6    capture the efficiencies promised by consolidation through effective coordination of litigation efforts and

7    streamlined communications with the Court and defense counsel.  Mr. Smith was able to secure the

8    agreement of all but one of the six plaintiffs in the four cases to the co-leadership proposed by this motion.

9    Smith Decl., ¶14.  Accordingly, the ZFFR Group now moves the Court for an order appointing Robbins

10   and WeissLaw as Co-Lead Counsel.[3]

11   **III.    ROBBINS AND WEISSLAW SHOULD BE APPOINTED CO-LEAD COUNSEL**

12         Courts have broad discretion to appoint lead counsel to ensure the effective and efficient

13   prosecution of consolidated actions.  *See, e.g.*, *Hacker v. Peterschmidt*, 2006 WL 2925683, at *2-3 (N.D.

14   Cal. Oct. 12, 2006) ("Upon consolidation, pursuant to Rule 42(a), the district court, 'if it sees fit, may

15   appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases

16   and accordingly assign the designated lawyers specific responsibilities.'").[4]  In selecting lead counsel, the

17   "'guiding principle'" is who will "'best serve the interest of the plaintiffs.'"  *Millman ex rel. Friedman's,*

18   *Inc. v. Brinkley*, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (citation omitted).  Courts consider

19   counsel's qualifications and experience; the number, size, and extent of involvement of represented

20   litigants; the stage of the proceedings; the nature of the causes of action alleged; counsel's access to the

21

22

---

23   [3] It bears mention that Robbins and WeissLaw also have a strong working relationship that will serve

24   plaintiffs well.  For example, in *In re Misonix, Inc. Stockholder Litigation*, Lead Case No. 2:17-cv-03385-ADS-AYS (E.D.N.Y.), WeissLaw and Robbins coordinated negotiations with the defendants to secure a

25   suite of rigorous governance and internal controls reforms designed to strengthen the corporation's compliance with the Foreign Corrupt Practices Act.  Katz Decl., ¶10.

26   [4] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted

27   unless otherwise noted.

- 6 -

28   NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE,
TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT
ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF                    4:19-cv-05153-YGR

resources necessary to prosecute the claims effectively; and the quality of the pleadings.  *Id.*  Each of these factors weighs in favor of appointing Robbins and WeissLaw Co-Lead Counsel.[5]

**A.  Robbins' and WeissLaw's Extensive Experience and Record of Success Support their Appointment as Co-Lead Counsel**

    **1.  Robbins LLP**

Robbins' long track record of effectively leading and securing superior results in complex, often multi-jurisdictional, stockholder derivative litigation strongly supports its appointment as Co-Lead Counsel.  For nearly two decades, Robbins has dedicated its practice to prosecuting derivative actions on behalf of publicly traded corporations, and it has achieved substantial monetary recoveries and industry leading corporate governance reforms for those companies.  *See* Robbins LLP Firm Resume, attached as Exhibit A to the Smith Decl. ("Robbins Resume").

---

[5] As currently styled, the Motion seeks the appointment of Co-Lead Counsel, and not a "lead plaintiff." The appointment of a "lead plaintiff" is within the Court's discretion, but is not required in shareholder derivative cases.  *See, e.g., Hacker*, 2006 WL 2925683, at *1 (appointing lead plaintiff in derivative action); *Brown v. Kelly*, 2006 WL 3411868, at *2 (N.D. Cal. Nov. 27, 2006) (appropriate to appoint lead plaintiff in derivative action where movants allege they were at all relevant times shareholders, retained competent counsel, and do not appear to be subject to unique defenses and "[t]he Court does not find any other reason to not establish the proposed leadership structure."); *Berkowitz ex rel. Affymetrix, Inc. v. Fodor*, 2006 WL 3365587, at *1 (N.D. Cal. Nov. 20, 2006) (same); *cf. Gallardo v. Bennett*, 2006 WL 2884497, at *1 (N.D. Cal. Oct. 10, 2006) (refusing to appoint lead plaintiff, noting the absence of Ninth Circuit precedent suggesting that appointment of a lead plaintiff is necessary).  The ZFFR Group submits that there are no special circumstances here that might require the appointment of a lead or co-lead plaintiffs.  Should the Court be inclined to appoint a lead plaintiff(s), however, each of the ZFFR stockholder-plaintiffs is qualified to serve in that role.  Zehrer was the first stockholder to file a derivative actions on Apple's behalf, and he and his counsel have already demonstrated their ability to advance the litigation and to coordinate counsel's efforts in a pragmatic and efficient manner.  Zehrer currently holds 900 shares of Apple stock, valued at $228,861 as of March 31, 2020, and has been a continuous holder of Apple stock since at least 2010.  Smith Decl., ¶2.  The other members of the ZFFR Group are also significant long term shareholders of Apple, whose well-chosen counsel has a superior record of leadings complex derivative litigation and securing outstanding results.  The Rosenfeld Family Foundation owns 6,000 shares and has continuously been an Apple stockholder since January 12, 2000.  Tammy M. Federman SEP/IRA holds 535 shares and has continuously been an Apple stockholder since June 7, 2007.  Andrew Fine holds 299 shares, has continuously been an Apple stockholder since April 28, 2014, and has, through his counsel served a books and records demand pursuant to California Corp. Code §1601(a) upon Apple.  Collectively, the Zehrer-Fine-Federman-Rosenfeld Group holds shares worth over $2 million.  Katz Decl., ¶¶6-9.  Given their significant financial interest in the outcome of the litigation, as well as their demonstrated ability and interest in pursuing the derivative claims vigorously, the ZFFR group, collectively, or any member thereof, individually, can be counted on to ensure that all stockholder interests are protected.

Craig W. Smith is the lead partner for Robbins on this matter.  Mr. Smith has focused his practice on stockholder and securities litigation and corporate regulatory compliance for almost 30 years.  After graduating from Yale Law School in 1992, Mr. Smith spent ten and one-half years at O'Melveny & Myers LLP representing Fortune 500 companies in securities class actions, shareholder derivative actions, and SEC and SRO enforcement actions.  After working for nearly five years as Division Counsel at UBS Financial Services, Inc., Mr. Smith joined Robbins, where his practice has focused on shareholder derivative litigation.  Ashely R. Rifkin and Shane P. Sanders, the other Robbins partners assigned to this matter, have proven equally adept in representing stockholder-plaintiffs over the course of their 14-year careers representing stockholders in derivative and class action litigation.  Robbins Resume at 15.

Working from Robbins' well-developed litigation platform, Mr. Smith has secured a number of important recoveries for plaintiffs and the corporations they represent in derivative litigation involving issues substantially similar to those raised here.  For example, Ms. Smith served as lead counsel and concluded the settlement of a derivative action brought on behalf of Fifth Street Finance Corp. ("FSC"), a business development company plaintiffs alleged had been caused by its external manager to make reckless investments and delay recognition of loan losses to boost the fees paid to the manager in the lead up to FSC's initial public offering.  *In re Fifth Street Fin. Corp. S'holder Derivative Litig.*, Lead Case No. 3:15-cv-01795-RNC (D. Conn.).  Robbins coordinated the efforts of eight plaintiffs represented by ten law firms across three jurisdictions, and negotiated a settlement that secured $30 million in advisory fee reductions and comprehensive corporate governance, conflicts management, and internal controls reforms.  Robbins Resume at 14.

Mr. Smith has played a similar leading role in coordinating the efforts of multiple counsel to secure a number of outstanding results.  As lead counsel in *Alex v. McCullough*, No. 1:12-cv-08834 (N.D. Ill. Dec. 5, 2012), Mr. Smith coordinated with nine plaintiffs' law firms for six plaintiffs in three jurisdictions with counsel and led negotiations that secured a $20 million recovery for the company, as well as industry-leading board and management-level governance and oversight reforms for Career Education Corporation, whose officers and directors were alleged to have allowed its for-profit schools to falsify job placement

- 8 -

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                              4:19-cv-05153-YGR

and student loan repayment rates and to fail to meet accreditation standards, jeopardizing its schools' access to the Title IV federal student loan funds.  Robbins Resume at 14.  Mr. Smith also played a leading role in complex, multi-jurisdictional derivative litigation brought on behalf of Avon Products, Inc., against officers and directors who plaintiffs alleged turned a blind eye to bribes made in violation of the Foreign Corrupt Practices Act to secure the first foreign direct sales license in China.  *Pritika v. Jung*, No. 651479/2015 (N.Y. Sup. Ct. May 1, 2015).  Mr. Smith coordinated with counsel in related cases filed by five plaintiffs and seven plaintiffs' counsel in three jurisdictions, and led the negotiations that resulted in Avon's agreement to adopt a comprehensive corporate governance and compliance reform program that *The Wall Street Journal* praised as "a victory for shareholders looking for accountability from the business." Smith Decl., ¶7 n.3; Robbins Resume at 14.  Mr. Smith also played a key role in persuading Brocade Communication Systems, Inc.'s Board Special Litigation Committee to prosecute stock option backdating claims against former officers and directors of Brocade.  *In re Brocade Commc'n Sys., Inc., Derivative Litig.*, No. 1:05-cv-041683 (Cal. Super. Ct.-Santa Clara Cty. Jan. 28, 2010).  He was part of the four-lawyer team that met with the Special Litigation Committee and persuaded it to retain the firm as co-counsel and to pursue the claims, leading to Brocade's recovery of $24 million and extinguishment of its obligation to fund the criminal defense of its former CEO.  Robbins Resume at 15.

Ms. Rifkin likewise has been instrumental in obtaining substantial recoveries for corporations and shareholders in derivative litigation.  In *In re Community Health Systems, Inc. Shareholder Derivative Litigation*, No. 3:11-cv-00489 (M.D. Tenn. Jan. 17, 2017), serving as plaintiffs' co-lead counsel, Ms. Rifkin's played a key role in the litigation and negotiations that led to a $60 million cash payment to Community Health Systems, Inc. and extensive corporate governance reforms.  Robbins Resume at 5.  As lead counsel in *In re Alphatec Holdings, Inc., Derivative Shareholder Litigation*, No. 37-2010-00058586-CU-BT-NC (Cal. Super. Ct. – San Diego Cnty. Aug. 21, 2014), Ms. Rifkin's work led to the resignation of several defendant directors and senior executives and to Alphatec Holding's, Inc.'s implementation of reforms providing for enhanced director independence, enhanced review of related party transactions, and rigorous disclosure controls.  Rifkin Decl., ¶5.

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                4:19-cv-05153-YGR

Mr. Sanders' track record is equally impressive.  As co-lead counsel in *In re Google Inc. Shareholder Derivative Litigation*, Master File No. CV-11-04248-PJH (N.D. Cal.), Mr. Sanders played a key role in securing Google, Inc.'s agreement to adopt and implement a new "User Safety Initiative" designed to disrupt the illegal and unsafe operations of rogue online pharmacies, and robust corporate governance reforms that enhanced board monitoring legal and compliance matters to which  Google agreed to commit $250 million in funding.  Sanders Decl., ¶4.  In *Rubery v. Kleinfeld*, Case No. 2:12-cv-00844-DWA (W.D. Pa.), a derivative action brought on behalf of Aloca Inc., Mr. Sanders (together with counsel in a related state court action) negotiated and secured the adoption of a comprehensive Foreign Corrupt Practices Act compliance program, which experts concluded would provide benefits to Alcoa worth approximately $110 million.  Sanders Decl., ¶5.  As co-lead counsel *In re Koss Corp. S'holder Derivative Litig*., Lead Case No. 10-CV-2422 (Wisc. Cir. Ct.-Milwaukee Cty.), Mr. Sanders played a central role in defeating the defendants' motion to dismiss on demand futility and other grounds, setting the stage for a settlement that secured (among other things) robust corporate governance reforms, enhanced internal controls over financial reporting and whistleblower procedures, and ultimately an $8.5 million recovery from the company's audit firm.  Robbins Resume at 13; Sanders Decl., ¶6. And as lead counsel in *Paschetto v. Shaich*, No. 08-SL-CC00805 (Mo. Cir. Ct.-St. Louis Cnty. April 8, 2011), a shareholder derivative action brought on behalf of Panera Bread Company, Mr. Sanders defeated defendants' motion to dismiss, which challenged the sufficiency of plaintiff's allegations of demand futility.  Following extensive document and deposition discovery, Mr. Sanders played a leading role in negotiating the settlement, which led to the implementation of comprehensive corporate governance and internal control reforms at the company.  Robbins Resume at 13; Sanders Decl., ¶7.[6]

---

[6] Over the course of his career, Mr. Sanders has defeated numerous motions to dismiss challenging the sufficiency of plaintiffs' allegations of demand futility under various exacting state law pleading standards. *See, e.g.*, Opinion & Order, *Pacheco v. Guyer*, Case No. Case 1:18-cv-07999-VSB (S.D.N.Y. Sept. 19, 2019); Order, *In re Koss Corp. S'holder Derivative Litig*., Lead Case No. 10-CV-2422 (Wisc. Cir. Ct.-Milwaukee Cty. Nov. 29, 2010); Civil Minute Order, *Hess v. Heckmann*, Case No. INC-10010407 (Cal. Super. Ct.- Riverside Cty. July 20, 2011); Findings and Order, *Paschetto v. Shaich*, Case No. 08-SL-CC00865 (Mo. Cir. Ct.-St. Louis Cty. Dec. 14, 2009); Decision/Order, *Cement Masons Local 780 Pension Fund v. Schleifer*, Index No. 654453/2015 (N.Y. Sup. June 29, 2017).  Sanders Decl., ¶8.

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                4:19-cv-05153-YGR

The track record of the Robbins partners assigned to this action are emblematic of the many successes Robbins has achieved for corporations though leadership positions in complex derivative litigation.[7]  As these results suggest, Robbins has the necessary human, technological and financial resources to effectively pursue Apple's interests in this complex derivative action, which we expect will involve extensive fact and expert discovery, motion practice, and remedial investigation and analysis. Robbins employs 17 full-time attorneys (plus 8 staff attorneys), including 8 partners with more than ten years of experience in complex litigation, and 8 associates.  The attorneys are supported by 10 corporate research clerks, who assist the attorneys with factual research and other related matters, as well as 6 paralegals, and 20 support staff.  Smith Decl., ¶11.  Robbins also maintains superior document management and search engine capability, utilizing the Disco e-Discovery platform.  *Id.* at 12.  With powerful search engine and analytical features such as machine learning, e-mail conversation threading, duplicate detection, analytics, and clustering, the firm is able to quickly review and code large volumes of documents to ensure that its lawyers are able to quickly identify and evaluate important documents.  *Id.* This technology also allows Robbins to host large document review projects that allow multiple firms to access the documents.  *Id.*

### 2.   WeissLaw

WeissLaw has an equally impressive record of success in derivative and representative litigation. Over the past 33 years, WeissLaw has recovered over a billion dollars for defrauded institutions and individuals and caused the enactment of important corporate governance reforms.  Katz Decl., ¶2; *see*

---

[7] In *Martinez v. Toll*, No. 2:09-cv-00937-CDJ (E.D. Pa. Mar. 27, 2013), for example, Robbins served as a lead member of the litigation team that pursued insider trading and other claims against the directors of luxury home builder Toll Bros., Inc.  During four years of contentious litigation, Robbins engaged in extensive discovery, deposed Robert and Bruce Toll, and led the settlement negotiations that resulted in a $16.25 million cash payment for the company, including a $6.45 million payment from the executive directors individually.  Robbins also served as lead counsel in *In re Cardinal Health Derivative Litigation*, where, following several years of litigation and discovery, the firm defeated numerous dispositive motions and negotiated a settlement that secured $70 million for the company and comprehensive corporate governance reforms.  *See* Robbins Resume at 3.  And as sole lead counsel in *In re OM Group, Inc. Derivative Litigation*, Robbins secured $29 million for OM Group, Inc., termination of the company's long term CEO, the addition of two shareholder nominated directors, and significant corporate governance reforms.  Robbins Resume at 2.

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                            4:19-cv-05153-YGR

WeissLaw Resume, attached to Katz Decl. as Ex. A ("WeissLaw Resume").  Recently, as sole lead counsel in *In re Equifax, Inc. Derivative Litigation*, No. 1:18-CV-00317-TWT (N.D. Ga.), WeissLaw secured a $32.5 million recovery to address damages the company incurred in connection with a data breach that compromised the personal information of over 140 million people.  If finally approved, this would be the largest recovery achieved in a derivative action concerning a data breach.  *Id.*

David C. Katz will serve as the lead attorney for WeissLaw on this matter.  *Id.* at ¶3.  Mr. Katz is the Chair of the Firm's Corporate Governance Litigation Practice Group and a Principal of the firm, with which he has litigated derivative and class actions for nearly thirty years.  *Id.*  Mr. Katz has served as lead counsel and co-lead counsel in numerous derivative and class actions that have resulted in substantial recoveries.  For example, Mr. Katz was co-lead counsel in *Sadowsky v. Brendsel,* No. 05 cv 2596 (S.D.N.Y.), an action prosecuted derivatively on behalf of the Federal Home Loan Mortgage Corporation, in the wake of one of the country's largest corporate restatements.  The litigation involved 78 depositions, with Mr. Katz responsible for the depositions of, among others, all of the outside directors of the company, as well as the successful opposition of the several motions to dismiss filed by the defendants.  Through these efforts, approximately $100 million was recovered for the company in addition to enacting of material corporate governance reforms.  Katz Decl., ¶3.  Mr. Katz also served as co-lead counsel in *In re Marsh & McLennan Derivative Litigation*, C.A. No. 753-VCS (Del. Ch.), a derivative action concerning the insurer's massive bid-rigging scheme.  After defeating defendants' motions to dismiss in the Delaware Court of Chancery and protracted litigation involving dozens of depositions, $35 million was recovered for the company, along with substantial corporate governance reforms designed to ensure that such misconduct would not recur.  Katz Decl., ¶3.  In *In re FirstEnergy Shareholder Derivative Litigation*, No. 03 cv 1826 (JSG) (N.D. Ohio), following one of the largest power outages in the country's history, Mr. Katz was part of the WeissLaw team that recovered $25 million for the company and significant corporate governance measures were implemented.  *Id.*  And just last month, in *L.S. v. Webloyalty.com, Inc.*, No. 18-3639 (2d Cir. Mar. 20, 2020), Mr. Katz won the reversal of the judgment of dismissal of a consumer class action lawsuit that had been litigated for nearly ten years.  *Id.*

NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                             4:19-cv-05153-YGR

WeissLaw has also achieved significant recoveries as lead counsel or co-lead counsel for stockholders in dozens of securities class actions, many of which Mr. Katz played an active role in litigating. *See, e.g., Spahn v. Edward D. Jones & Co., et al.*, No. 04 cv 00086 (E.D. Mo.) ($127.5 million); *Bachman, et al., v. A.G. Edwards, Inc., et al.*, No. 22052-01266-03 (Cir. Ct., St. Louis, Mo.) ($60 million); *Brody v. Hellman, et al. (U.S. West Dividend Litigation)*, No. CV-4142 (Dist. Ct. for the City & Cty. of Denver, Colo.) ($50 million); *In re Community Psychiatric Centers Sec. Litig.*, No. SACV-91-533(AHS) (C.D. Cal.) ($42.5 million); *In re Apria Healthcare Group Sec. Litig.*, No. 797060 (Cal. Super. Ct.- Orange Cty.) ($42 million); *Levitan v. McCoy, et al. (First Commerce)*, No. 00 C 5096 (N.D. Ill.) ($39.9 million); *In re King Pharmaceuticals, Inc. Sec. Litig.*, No. 03 cv 77-TWP (E.D. Tenn.) ($38.25 million); *In re McLeodUSA Inc. Sec. Litig.*, No. C02-0001-MWB (N.D. Iowa) ($30 million); *In re Martha Stewart Living Omnimedia, Inc. Sec. Litig.*, No. 02 cv 6273-JES (S.D.N.Y.) ($30 million); *In re Vodafone Group, PLC Sec. Litig.*, No. 02 cv 7592-AKH (S.D.N.Y.) ($24.5 million). Katz Decl., ¶5.

## B. Robbins' and WeissLaw's High Quality Pleadings and Efforts to Coordinate and Advance the Litigation to Date Support their Appointment as Co-Lead Counsel

Robbins' and WeissLaw's timely, high-quality pleadings and the leadership they have already demonstrated in coordinating consolidation and scheduling negotiations among plaintiffs and defense counsel, seeking the inspection of Apple's books and records, and in negotiations among plaintiffs' counsel regarding an effective leadership structure, support their appointment as Co-Lead Counsel.

Robbins led with the *Zehrer* Complaint, which was filed one month before any other action was commenced. The *Zehrer* Complaint is self-evidently the product of a thorough and well-documented investigation, not just a cut-and-paste of allegations gleaned from complaints filed in the related consumer and securities class actions. The *Zehrer* Complaint supports its particularized fact allegations and well-reasoned inferences with details culled from thousands of pages of public records, including Apple's website, SEC filings, press releases, and business media and analyst reports that support Zehrer's contentions that the Individual Defendants (i) intentionally throttled the performance of iPhones through iOS updates without the users' knowledge or authorization and (ii) made improper statements in the

- 13 -

Company's press releases and other public filings concerning the Company's sales growth, iPhone demand, and future financial prospects. *See, e.g.*, *Zehrer* Complaint at ¶¶55-76 (alleging critical background facts concerning Apple's business structure (including the importance of the iPhone as Apple's flagship product), the improper scheme to throttle the battery performance of the iPhone through iOS updates, and the Company's true exposure to various factors that threatened Apple's sales growth in Greater China, the Company's third-largest market); ¶¶77-104 (twelve pages detailing the specific misstatements and why each misstatement was false and misleading). The *Fine* Complaint also reflects a diligent investigation. *See, e.g.*, *Fine* Complaint at ¶¶55-84 (also providing background on Apple's core operations, the Company's improper scheme to throttle the battery performance of the iPhone through iOS updates, the subsequent lawsuits and government investigations, and the growing threats to Apple's sales growth in China); ¶¶85-113 (detailing the false and misleading statements).

In addition, the *Zehrer* Complaint includes detailed fact allegations in support of its contention that demand on Apple's Board would be futile under the standards supplied by California law, which govern California corporations. *Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 108, 108-09 (1991). The complaints allege that a majority of the members of the Board breached their fiduciary duties of loyalty by: (i) causing or allowing the Company to unlawfully throttle the performance of iPhones through iOS updates without the knowledge or consent of the iPhone's owner; (ii) making improper statements in the Company's press releases and SEC filings concerning Apple's sales growth, iPhone demand, and future financial prospects; and (iii) failing to implement adequate internal controls and procedures to ensure the accuracy of the Company's disclosures. *See, e.g.*, ¶¶121-27. These allegations are superior to the general demand futility allegations of the *Bankhalter* Complaint.

In addition to the quality of their pleadings, Robbins and WeissLaw have worked vigorously, effectively and efficiently together to coordinate and organize the related derivative actions. As noted, WeissLaw served a books and records demand on Apple seeking the inspection of relevant corporate documents pursuant to California Corp. Code §1601(a), and Robbins led the discussions among counsel and drafting for plaintiffs of the terms and conditions for consolidation of the actions and initial scheduling

- 14 -

1  designed to conserve Apple's resources, which was adopted by the Court on March 11, 2010.  Smith Decl.,
2  ¶13.

3  Robbins also commenced the negotiations among plaintiffs' counsel regarding a leadership
4  structure that would ensure the effective coordination of plaintiffs' efforts on behalf of Apple, and together
5  with WeissLaw managed the communications among counsel in an effort to reach a consensus and avoid
6  burdening the Court with motion practice.  Smith Decl., ¶14.  Unfortunately, plaintiffs were not able to
7  reach agreement on a streamlined leadership structure that Robbins and WeissLaw could support as
8  ensuring the efficient and effective coordination of plaintiffs' efforts.  *Id*.  Accordingly, the ZFFR Group
9  proposes that the Court appoint Robbins and WeissLaw Co-Lead Counsel.  Putting the two firms that are
10  best equipped to litigate the Consolidated Action in charge will ensure coherent leadership, efficient and
11  reliable communication among plaintiffs, defendants, and the Court, and provide the most effective
12  representation of Apple's interests in the derivative claims.

13  **C.    The First-Filed Factor Weighs in Favor of Appointing Robbins and WeissLaw as Co-Lead Counsel**
14

15  Robbins and WeissLaw's high quality pleadings, early leadership efforts, and their deep experience
16  and long track record of success support their appointment as Co-Lead Counsel.  In the event the Court
17  finds these factors not determinative, the fact that Robbins was the first to file a derivative action for
18  stockholder-plaintiff Zehrer on behalf of Apple in this Court may be considered the "objective tie-breaker"
19  weighing in favor of Robbins' appointment as Co-Lead Counsel with WeissLaw.  *See Biondi v. Scrushy*,
20  820 A.2d 1148, 1151 (Del. Ch. 2003), *aff'd sub nom. In re HealthSouth Corp. Shareholders Litig.*, 847
21  A.2d 1121 (Del. 2004) (first-to-file factor may be considered as an "objective tie-breaker" where other
22  factors "do[] not tilt heavily in either direction").  Zehrer's counsel's diligence in thoroughly investigating
23  the matter, developing the theory of the case, and expeditiously filing a comprehensive and detailed
24  complaint weighs in favor of appointing Robbins and WeissLaw Co-Lead Counsel.

25
26
27

**- 15 -**

28  NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE,
TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT
ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF                                    4:19-cv-05153-YGR

1   IV.   **CONCLUSION**

2        For the foregoing reasons, the Court should appoint Robbins and WeissLaw Co-Lead Counsel for

3   plaintiffs in the Consolidated Derivative Action.

4   DATED: April 14, 2020                     ROBBINS LLP
                                              BRIAN J. ROBBINS
5                                             CRAIG W. SMITH
                                              SHANE P. SANDERS
6                                             ASHLEY R. RIFKIN
                                              STEVEN R. WEDEKING
7

8                                                 */s/ Shane P. Sanders*
                                                  SHANE P. SANDERS
9
                                              5040 Shoreham Place
10                                            San Diego, CA 92122
                                              Telephone: (619) 525-3990
11                                            Facsimile:  (619) 525-3991
                                              E-mail: brobbins@robbinsllp.com
12                                                     csmith@robbinsllp.com
                                                       ssanders@robbinsllp.com
13                                                     arifkin@robbinsllp.com
                                                       swedeking@robbinsllp.com
14
                                              *Counsel for Plaintiff Terrence Zehrer and*
15                                            *[Proposed] Co-Lead Counsel*

16   Dated: April 14, 2020                    WEISSLAW LLP
                                              DAVID C. KATZ (admitted *pro hac vice*)
17                                            MARK D. SMILOW (*pro hac* to be filed)
                                              JOSHUA RUBIN (*pro hac* to be filed)
18

19                                                 */s/ David C. Katz*
                                                   DAVID C. KATZ
20
                                              1500 Broadway, 16th Floor
21                                            New York, NY 10036
                                              E-Mail: dkatz@weisslawllp.com
22                                                     msmilow@weisslawllp.com
                                                       jrubin@weisslawllp.com
23
                                              WEISSLAW LLP
24                                            Joel E. Elkins
                                              9107 Wilshire Blvd., Suite 450
25                                            Beverly Hills, CA 90210
                                              Telephone: (310) 208-2800
26                                            Facsimile (310) 209-2348
                                              E-mail: jelkins@weisslawllp.com
27                                                            - 16 -

28   NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE,
     TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT
     ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT THEREOF                                      4:19-cv-05153-YGR

1

2          *Counsel for Plaintiffs Andrew Fine, Tammy*
           *Federman SEP/IRA, and The Rosenfeld*
3          *Family Foundation and [Proposed] Co-Lead*
           *Counsel*

4

5          I, Shane P. Sanders, am the ECF User whose ID and password are being used to file this Notice of

6  Motion and Motion of Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the

7  Rosenfeld Family Foundation to Appoint Robbins LLP and WeissLaw LLP Co-Lead Counsel; Memorandum

8  of Points and Authorities in Support Thereof.   In compliance with Civil L.R. 5-1(i), I hereby attest that

9  concurrence in the filing of this document has been obtained from each of the other signatories.

10

11                                    */s/ Shane P. Sanders*
                                      SHANE P. SANDERS

12

13

14  1445189

15

16

17

18

19

20

21

22

23

24

25

26

27                                          **- 17 -**

28  NOTICE OF MOTION AND MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE,
    TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT
    ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND
    AUTHORITIES IN SUPPORT THEREOF                                4:19-cv-05153-YGR