ROBBINS LLP
BRIAN J. ROBBINS (190624)
brobbins@robbinsarroy.com
CRAIG W. SMITH (164886)
csmith@robbinsllp.com
SHANE P. SANDERS (237146)
ssanders@robbinsllp.com
ASHLEY R. RIFKIN (246602)
arifkin@robbinsarroyo.com
STEVEN R. WEDEKING (235759)
swedeking@robbinsllp.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

WEISSLAW LLP
DAVID C. KATZ (admitted *pro hac vice*)
dkatz@weisslawllp.com
MARK D. SMILOW (*pro hac* to be filed)
msmilow@weisslawllp.com
JOSHUA RUBIN (*pro hac* to be filed)
jrubin@weisslawllp.com
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

WEISSLAW LLP
Joel E. Elkins
jelkins@weisslawllp.com
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile (310) 209-2348

*[Proposed] Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-05153-YGR<br><br>(Consolidated with Cases No. 4:19-cv-05863-YGR, 4:19-cv-05881-YGR, and 4:19-cv-08246-YGR)<br><br>DECLARATION OF CRAIG W. SMITH IN SUPPORT OF MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL |

I, Craig W. Smith, hereby declare as follows:

1.  I am an attorney duly licensed to practice before all of the courts of California. I was admitted to practice before this Court in 1996. I am the lead partner for Robbins LLP ("Robbins") on this matter. I submit this declaration in support of the Motion of Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation to Appoint Robbins LLP and WeissLaw LLP Co-Lead Counsel in the Consolidated Derivative Action.[1] I have knowledge of the matters stated herein and, should I be called upon, I could and would testify competently thereto.

2.  My client, stockholder-plaintiff Terrence Zehrer, first purchased Apple stock in 2010, which he continues to hold.[2] He presently owns 900 shares.

3.  My practice has focused on securities litigation and regulatory compliance for more than 24 years. After graduating from Yale Law School in 1992, I spent ten and one-half years at O'Melveny & Myers LLP representing Fortune 500 companies in securities class actions, shareholder derivative actions, and SEC and SRO enforcement actions. After working for almost five years as Division Counsel at UBS Financial Services, Inc., I joined Robbins, where my practice has focused on shareholder derivative litigation. I have served as the firm's general counsel since 2011. *See* Firm Resume of Robbins LLP, attached hereto as Exhibit A.

4.  Working from Robbins' well-developed litigation platform, I have secured a number of important recoveries for plaintiffs and the corporations we represent in derivative litigation involving issues substantially similar to those raised here.

5.  For example, serving as lead counsel, I led the litigation and settlement efforts in a derivative action brought on behalf of Fifth Street Finance Corp. ("FSC"), a business development company plaintiffs alleged had been caused by its external manager to make reckless investments and

---

[1] The Consolidated Derivative Action includes *Zehrer v. Cook, et al.*, 5:19-cv-0515; *Fine v. Cook, et al.*, 5:19-cv-05863; *Bankhalter v. Cook, et al.*, 5:19-cv-05881; and *Votto v. Cook, et al.*, 5:19-cv-08246.

[2] Unless otherwise noted, all capitalized terms herein shall have the same definition as set forth in the Motion of Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation to Appoint Robbins LLP and WeissLaw LLP Co-Lead Counsel; Memorandum of Points and Authorities in Support Thereof, filed herewith.

- 1 -

DECLARATION OF CRAIG W. SMITH IN SUPPORT OF MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL
4:19-cv-05153-YGR

delay recognition of loan losses to boost the fees paid to the manager in the lead up to FSC's initial public offering. *In re Fifth Street Fin. Corp. S'holder Derivative Litig.*, Lead Case No. 3:15-cv-01795-RNC (D. Conn.). Robbins successfully coordinated the efforts of eight plaintiffs and ten plaintiffs' law firms across three jurisdictions, and negotiated a settlement that secured $30 million in advisory fee reductions and comprehensive corporate governance, conflicts management, and internal controls reforms that markedly improved FSC's accounting and financial reporting environment and substantially reduced the risk that the conflicts inherent in its external management relationship could be exploited going forward.

6. I also played a leading role in shareholder derivative litigation brought on behalf of Career Education Corporation against officers and directors who plaintiffs alleged allowed its for-profit schools to falsify job placement and student loan repayment rates, fail to meet accreditation standards, and jeopardize its schools' access to the Title IV federal student loan funds that account for the lion's share of its revenues. *Alex v. McCullough*, No. 1:12-cv-08834 (N.D. Ill. Dec. 5, 2012). The Career Education derivative litigation spanned multiple jurisdictions and required the coordination of the strategies and efforts of six plaintiffs and nine plaintiffs' law firms across two jurisdictions. From my position as counsel for a plaintiff whose litigation demand had been wrongfully refused by the company's board of directors, I successfully coordinated with plaintiffs' counsel in related derivative actions filed in *Bangari v. Lesnik*, No. 1:11-CH-41973 (Ill. Cir. Ct.-Cook Cty. Dec. 11, 2011) and *Cook v. McCullough*, No. 1:11-cv-09119 (N.D. Ill. Dec. 22, 2011) to negotiate a global settlement that secured a $20 million recovery for the company, as well as industry-leading board and management-level governance and oversight reforms.

7. The Robbins team I led also played a leading role in complex, multi-jurisdictional derivative action brought on behalf of Avon Products, Inc., against officers and directors who plaintiffs alleged turned a blind eye to bribes made in violation of the Foreign Corrupt Practices Act to secure the first foreign direct sales license in China. *Pritika v. Jung*, No. 651479/2015 (N.Y. Sup. Ct. May 1, 2015). Related cases were filed by five plaintiffs and seven plaintiffs' counsel in three jurisdictions. After the related cases had been pending for years, I led the negotiations that resulted in Avon's agreement to adopt

a comprehensive corporate governance and compliance reform program that *The Wall Street Journal* praised as "a victory for shareholders looking for accountability from the business."[3]

8. I also played a key role in persuading Brocade Communication Systems, Inc.'s Board Special Litigation Committee to prosecute stock option backdating claims against former officers and directors of Brocade. *In re Brocade Commc'n Sys., Inc., Derivative Litig.*, No. 1:05-cv-041683 (Cal. Super. Ct.-Santa Clara Cty. Jan. 28, 2010). I was part of the four-lawyer team that met with the Special Litigation Committee and persuaded it to retain the firm as co-counsel and to pursue the claims. Brocade recovered tens of millions of dollars and extinguished its obligation to fund the criminal defense of its former CEO.

9. My track record is emblematic of the many successes Robbins has achieved for corporations in complex, often multi-jurisdictional shareholder derivative litigation. Robbins was instrumental in securing one of the largest settlements ever of an insider trading claim brought pursuant to *Brophy v. Cities Service Co.*, 70 A.2d 5 (Del. Ch. 1949). In *Martinez v. Toll*, No. 2:09-cv-00937-CDJ (E.D. Pa. Mar. 27, 2013), Robbins served as a lead member of the litigation team that pursued insider trading and other claims against the directors of luxury home builder Toll Bros., Inc. During four years of contentious litigation, Robbins engaged in extensive discovery, including taking the depositions of Robert and Bruce Toll, and led the settlement negotiations that resulted in a $16.25 million cash payment for the company, including a $6.45 million payment from the executive directors individually.

10. Robbins also served as lead counsel in *In re Cardinal Health Derivative Litigation*. There, after several years of litigation, in which the firm defeated numerous dispositive motions and completed extensive discovery, the firm negotiated a settlement that secured $70 million for the company and comprehensive corporate governance reforms. And in *In re OM Group, Inc. Derivative Litigation*, No. 1:03-CV-0020 (N.D. Ohio Nov. 10, 2005), Robbins was appointed sole lead counsel and ultimately

---

[3] Stephen Dockery, *Avon Settles Bribery Suits, Agrees to Major Compliance Overhaul*, The Wall Street Journal (Apr. 14, 2016), http://blogs.wsj.com/riskandcompliance/2016/04/14/avon-settles-bribery-suits-agrees-major-compliance-overhaul/?cb=logged0.19151580897742648.

- 3 -
DECLARATION OF CRAIG W. SMITH IN SUPPORT OF MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL
4:19-cv-05153-YGR

secured $29 million for OM Group, Inc., termination of the company's long term CEO, the addition of two shareholder nominated directors, and significant corporate governance reforms.

11. In addition to the firm's extensive experience and long track record of success, Robbins has the personnel and information technology resources necessary to effectively pursue Apple's interests in this complex derivative action, which we expect will involve extensive fact and expert discovery, motion practice, and remedial investigation and analysis. Robbins employs seventeen (17) attorneys, including eight (8) partners with decades of experience in complex litigation, eight (8) associates, three (3) of whom have more than ten or more years of litigation experience, and three (3) staff attorneys. The firm is supported by ten (10) corporate research clerks who assist the attorneys with factual research, financial and technical analysis, and graphics support; six certified (6) paralegals, and twenty (20) information technology and litigation support staff.

12. Robbins also maintains superior document management and search engine capability, utilizing the Disco e-Discovery platform. With this powerful search engine and analytical features such as machine learning, e-mail conversation threading, duplicate detection, analytics, and clustering, the firm is able to quickly review and code large volumes of documents to ensure that its lawyers are able to quickly identify and evaluate important documents. This technology also allows Robbins to host large document review projects that allow multiple firms to access the documents.

13. I led negotiations among plaintiffs' counsel and with defense counsel regarding initial scheduling and case management, and secured agreement on the terms of the Stipulation and Proposed Order to Consolidate and Stay Related Actions and Setting Schedule on Motions for Leadership (ECF No. 19), which set out terms for consolidating the related stockholder derivative actions pending before this Court; staying defendants' obligation to respond to the complaints pending the outcome of motions to dismiss the related securities actions; and set deadlines for plaintiffs to agree or to move for appointment of lead counsel for plaintiffs. The Court entered the proposed order pursuant to the stipulation on March 11, 2020. ECF No. 20.

14. Thereafter, I led the negotiations among plaintiffs' counsel regarding a leadership structure

that would facilitate the effective representation of Apple's interests in the derivative claims, and capture the efficiencies promised by consolidation through effective coordination of litigation efforts and streamlined communications with the Court and defense counsel. I managed the communications among counsel, reduced proposals to decision points, and was ultimately able to secure the agreement of all but one—Alan Bankhalter—of six plaintiffs in the four cases to support the co-leadership proposed by this motion.

15. Attached are true and correct copies of the following exhibits:

Exhibit A.   Robbins LLP Firm Resume

Exhibit B.   Declaration of Justin A. Kuehn in Support of Motion of Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation to Appoint Robbins LLP and WeissLaw LLP Co-Lead Counsel

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of April, 2020.

DATED: April 14, 2020

*/s/ Craig W. Smith*
CRAIG W. SMITH

1445192

- 5 -
DECLARATION OF CRAIG W. SMITH IN SUPPORT OF MOTION OF PLAINTIFFS TERRENCE ZEHRER, ANDREW FINE, TAMMY FEDERMAN SEP/IRA, AND THE ROSENFELD FAMILY FOUNDATION TO APPOINT ROBBINS LLP AND WEISSLAW LLP CO-LEAD COUNSEL
4:19-cv-05153-YGR