UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION** | LEAD CASE NO. 19-cv-05153-YGR<br><br>Consolidated with Case Nos. 19-cv-05863-YGR, 19-cv-05881-YGR, 19-cv-08246-YGR)<br><br>**ORDER APPOINTING LEAD COUNSEL**<br><br>Re: Dkt. Nos. 21, 23 |

Before the Court are competing motions to appoint lead counsel filed by plaintiff Alan Bankhalter ("Bankhalter"), who seeks appointment of Pritzker Levine LLP ("Pritzker") and Gainey McKenna & Egleston ("GM&E"); and plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation (collectively, "ZFFR"), who seek appointment of Robbins LLP ("Robbins") and WeissLaw LLP ("WeissLaw"). For the reasons set forth below, the Court appoints the latter.

District courts regularly appoint lead counsel in complex consolidated suits. *See Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 774 (9th Cir. 1979). In doing so here, the Court is mindful that the "guiding principle" is who will "best serve the interest of the plaintiffs." *Millman ex rel. Friedman's, Inc. v. Brinkley*, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (citation omitted). Five of six plaintiffs in this consolidated suit support ZFFR's motion to appoint Robbins and WeissLaw as lead counsel. Bankhalter is the only plaintiff who opposes the motion and moves for appointment of his own counsel. Although not dispositive, the fact that a large majority of plaintiffs favor one of two proposed leadership structures carries considerable weight.

Counsel's experience also is a relevant factor in making a lead counsel appointment. *See Hacker v. Peterschmidt*, 2006 WL 2925683, at *5 (N.D. Cal. Oct. 12, 2006) (considering counsel's "extensive experience in prosecuting shareholder derivative litigation"). Here, each of the competing motions details the experience of proposed lead counsel in complex class and individual litigation, including in securities cases. However, while Bankhalter claims that the firms have similar experience, ZFFR argues that GM&E and Pritzker have fewer relevant, successful experiences litigating derivative cases than Robbins and WeissLaw. For example, ZFFR presents evidence that GM&E has never secured a monetary recovery in a derivative action in which it served as lead counsel; overstates its role in certain cases; and has not engaged in extensive litigation in a derivative action. ZFFR further notes that Pritzker points to only two derivative actions in which it has been involved in any capacity. In contrast, ZFFR's counsel appears to have recovered substantial sums of money in extensively litigated derivative actions, including ones in which it appeared as lead or co-lead counsel. On balance, ZFFR appears to have an edge with respect to its counsel's experience.[1]

Another important factor in selecting lead counsel is the work performed by counsel in pursuing the claims in the action. *See Millman*, 2004 WL 2284505, at *3. Bankhalter claims that because three of the four consolidated actions were filed near in time to one another and all four actions have been stayed, all proposed lead counsel likely have done the same amount of work in this case. ZFFR presents contrary evidence, however, demonstrating that its proposed lead counsel has expended more effort litigating the case to this point, albeit on relatively routine matters. Thus, on August 19, 2019, Robbins commenced the first of the four consolidated actions, filing a complaint on behalf of plaintiff Terrence Zehrer.[2] Robbins later led negotiations among

---

[1] Bankhalter notes that he is the only movant to propose appointment of a firm (Pritzker) based in this district, where a substantial portion of the transactions and wrongdoings giving rise to the claims in this action occurred. Given the benefits of technology, and in light of the fact that ZFFR proposes lead counsel with a presence nearby, in Southern California, Pritzker's location does not have a strong bearing on the appointment of lead counsel.

[2] Courts have held that the first-to-file factor may be considered an "objective tie-breaker" in appointing lead counsel where other factors "do[] not tilt heavily in either direction." *Biondi v. Scrushy*, 820 A.2d 1148, 1151 (Del. Ch. 2003), *aff'd sub nom. In re HealthSouth Corp.*

plaintiffs' counsel and with defense counsel regarding initial scheduling and case management, prepared and circulated the stipulation and proposed order to consolidate and stay the related actions, and secured the agreement of most plaintiffs to the its proposed leadership structure. In addition, WeissLaw invested time and effort in making a books and records demand on Apple Inc. for documents relevant to this action. Even if counsel's efforts have involved routine legal work, they have demonstrated a commitment to progressing the action, which weighs in ZFFR's favor.[3]

Next, the parties dispute whether Bankhalter's complaint contains a fatal pleading error, and if so, whether this error reflects counsel's lack of knowledge of the applicable law. ZFFR contends that Bankhalter's complaint is subject to dismissal for failure to plead the specific dates on which Bankhalter purchased Apple Inc. stock. Bankhalter counters that Rule 23.1 contains no such requirement and ZFFR fails to cite binding Ninth Circuit authority for this proposition. Bankhalter's argument persuades to a certain extent: The Ninth Circuit has interpreted Rule 23.1 to require that a derivative plaintiff "be a shareholder at the time of the alleged wrongful acts" and "retain ownership of the stock for the duration of the lawsuit," *Lewis v. Chiles,* 719 F.2d 1044, 1047 (9th Cir. 1983), but does not appear to require the plaintiff to state the specific dates on which it purchased stock. Nevertheless, Bankhalter's allegations may still fall short. Indeed, the case on which Bankhalter relies suggests that allegations that he "is a current Apple shareholder during the relevant period" and "will continue to hold his Apple shares throughout the pendency of this action," are insufficient under Rule 23.1. *See In re Corinthian Colleges, Inc. S'holder Derivative Litig.*, No. SA CV 10-1597-GHK, 2012 WL 8502955, at *14 (C.D. Cal. Jan. 30, 2012) (distinguishing allegations that plaintiff held stock during the "relevant period" with allegations

---

*Shareholders Litig.*, 847 A.2d 1121 (Del. 2004). While not determinative, this factor weighs in favor of ZFFR.

[3] Bankhalter claims that his proposed lead counsel investigated the underlying conduct and potential legal claims before filing his complaint, continue to perform fact and legal research during the pendency of the stay, and worked with plaintiffs' counsel and defense counsel to organize and coordinate the litigation. With respect to the first two assertions, there is no evidence that GM&E or Pritzker has done more work than any other firm that filed a complaint in this case. As to the last point, ZFFR proffers evidence that GM&E and Pritzker had little communication with other plaintiffs' counsel regarding case management.

3

that plaintiff held stock "at the time of the transactions and events complained of," finding the latter sufficient because it "track[s] the language of Rule 23.1"). At this juncture, the Court need not and does not rule on the sufficiency of the pleadings. The Court addresses this issue only to note that such a pleading vulnerability casts doubt on Bankhalter's arguments that his counsel are best suited represent plaintiffs in this case.[4]

For the foregoing reasons, the Court exercises its discretion and hereby **ORDERS**:

1. ZFFR's motion is **GRANTED**.[5] Co-Lead Counsel for plaintiffs for the conduct of this Consolidated Action shall be:

**ROBBINS LLP**
BRIAN J. ROBBINS (190624)
CRAIG W. SMITH (164886)
SHANE P. SANDERS (237146)
ASHLEY R. RIFKIN (246602)
STEVEN R. WEDEKING (235759)
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroy.com
csmith@robbinsllp.com
ssanders@robbinsllp.com
arifkin@robbinsllp.com
swedeking@robbinsllp.com

**WEISSLAW LLP**
DAVID C. KATZ (admitted *pro hac vice*)
MARK D. SMILOW (*pro hac* to be filed)
JOSHUA RUBIN (*pro hac* to be filed)
1500 Broadway, 16th Floor

---

[4] ZFFR also challenges Bankhalter's motion for failing to address his counsel's resources with specificity. However, Bankhalter represents that counsel's resources are "sufficient" and that the firms have an "ability and willingness to dedicate substantial resources" to this matter. The Court has no reason to believe otherwise, and thus, finds that the parties' resources are not determinative in ruling on the motions.

[5] Bankhalter argues that in the alternative, the Court may appoint one firm from each of the competing motions. The Court is not persuaded, however, that giving partial relief to both Bankhalter and ZFFR would ensure the best possible representation for the corporation and its shareholders.

New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
E-mail: dkatz@weisslawllp.com
msmilow@weisslawllp.com
jrubin@weisslawllp.com

**WEISSLAW LLP**
Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile (310) 209-2348
E-mail: jelkins@weisslawllp.com

2. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement, and shall assign all work in their discretion in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid unnecessarily duplicative or unproductive effort. Co-Lead Counsel shall keep records detailed enough to determine whether such duplicative or unproductive effort occurred especially for purposes of side-by-side comparison.

3. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

4. Co-Lead Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

5. Co-Lead Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

6. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on plaintiffs.

7. This Order shall apply to this Consolidated Action and any future-filed actions relating to the subject matter of this case. When a case that properly belongs as part of the Consolidated Action is hereafter filed in, remanded to, or transferred to this Court, Co-Lead

Counsel shall endeavor in good faith to alert the Court to such filing, remand, or transfer to assist in assuring that counsel in subsequent actions receive notice of this Order.

This Order terminates Docket Numbers 21 and 23.

**IT IS SO ORDERED.**

Dated: June 29, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**