1  MELINDA L. HAAG (SBN 132612)
   mhaag@orrick.com
2  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:   (415) 773-5700
   Facsimile:   (415) 773-5759
7
   Attorneys for Nominal Defendant Apple Inc.
8
   [Additional Counsel on Signature Pages]
9

10

11                    UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA
12
                            OAKLAND DIVISION
13

| | |
|---|---|
| 14  IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION | ) Lead Case No. 4:19-cv-05153-YGR |
| 15  _____ | ) (Consolidated with Cases No. 4:19-cv-05863-YGR, 4:19-cv-05881-YGR, and 4:19-cv-08246-YGR) |
| 16  This Document Relates To: | ) |
| 17     ALL ACTIONS. | ) **STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF ACTION** |
| 18 | ) |
| 19 | ) Judge: Yvonne Gonzalez Rogers<br>Date Action Filed: August 19, 2019 |

20

21

22

23

24

25

26

27

28

1    Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family
2 Foundation (collectively "Plaintiffs"), and nominal defendant Apple Inc. ("Apple"), by and through their
3 undersigned counsel, stipulate as follows:
4    WHEREAS the complaints filed in this consolidated stockholder derivative action (the "Derivative
5 Action") allege, *inter alia*, breaches of fiduciary duty by certain officers and directors of Apple
6 (collectively with Apple, the "Defendants");
7    WHEREAS Plaintiffs maintain that this action has merit independent of and is not dependent on
8 the ultimate outcome of the putative federal securities class action pending in this Court captioned, *In re*
9 *Apple Inc. Securities Litigation*, Case No. 4:19-cv-02033-YGR (the "Federal Securities Action");
10    WHEREAS the parties nonetheless agree that a decision on the pending motion to dismiss the
11 Revised Consolidated Class Action Complaint in the Federal Securities Action could have important
12 implications for the efficient prosecution of the Derivative Action; and
13    WHEREAS the Court has previously entered orders, pursuant to stipulations submitted by the
14 parties, temporarily staying the Derivative Action pending further developments in the Federal Securities
15 Action (*see, e.g.,* Dkt. No. 20); and
16    WHEREAS the most recently ordered stay expired on July 17, 2020 (45 days following the Court's
17 entry of its decision on the motion to dismiss the Consolidated and Amended Class Action Complaint in
18 the Federal Securities Action);
19    WHEREAS the parties agree that it would serve the interests of judicial economy and conserve
20 party resources to continue the current stay of proceedings and stay the Derivative Action until a date 60
21 days after the Court issues a written decision on the pending motion to dismiss the Revised Consolidated
22 Class Action Complaint in the Federal Securities Action;
23    NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their
24 respective counsel of record, as follows:
25    1.    Except as specifically set forth herein, all proceedings in the Derivative Action, including
26 any obligation to respond to any complaint, are hereby stayed until a date 60 days after the Court issues a
27 written decision on the pending motion to dismiss the Revised Consolidated Class Action Complaint in the
28 Federal Securities Action.

2.      During the pendency of the stay of proceedings, Apple shall advise Plaintiffs of any mediation with the plaintiff(s) in the Federal Securities Action and endeavor in good faith to include Plaintiffs in any such mediation. In the event that Plaintiffs are not able to participate, then Apple will endeavor in good faith to arrange a separate mediation with Plaintiffs in regard to the derivative claims on a date close to the mediation in the Federal Securities Action. If Apple engages in mediation or other formal settlement negotiations regarding the same facts as those alleged in the Derivative Action with any Company shareholder during the pendency of the stay of proceedings, Apple agrees to endeavor in good faith to include Plaintiffs in any such mediation or other formal settlement negotiations.

3.      The composition of Apple's Board of Directors that will be considered in connection with determining whether Plaintiffs' complaint, amended or otherwise, has adequately pled that a pre-litigation demand on the Company's Board of Directors would have been futile shall be the composition of the Board of Directors as of August 19, 2019, the date the earliest of the actions consolidated into this Derivative Action was initiated.

4.      Plaintiffs may file a consolidated complaint during the pendency of the stay of proceedings. The filing of a consolidated complaint shall not affect the pendency of the stay of proceedings. Defendants shall not be required to move, answer, plead, or otherwise respond to any consolidated complaint during the pendency of the stay of proceedings.

5.      This stay shall not preclude Plaintiffs from pursuing, during the course of the stay, any rights Plaintiffs may have individually or collectively to inspect the Company's books and records pursuant to California Corporations Code section 1601 ("Section 1601"), nor shall it impact Apple's rights or defenses in response to any demand pursuant to Section 1601.

6.      Any party may lift the stay by providing thirty (30) days' written notice to all counsel of record via e-mail that they no longer consent to the voluntary stay of this Derivative Action.

7.      Within forty-five (45) days of the expiration or lifting of the stay pursuant to paragraphs 1 or 6 hereof, the parties will meet and confer to agree upon a schedule for proceedings in the Derivative Action and file a stipulation regarding the same with the Court. In connection with that stipulation, the parties will also meet and confer regarding measures for efficiently coordinating: (1) any mediation as may be conducted in the Federal Securities Action; and (2) any discovery as may be conducted in the

Federal Securities Action.

8. By entering into this stipulation, the parties do not waive any rights or defenses not specifically addressed herein.

**IT IS SO STIPULATED.**

Dated: August 11, 2020

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
STEVEN R. WEDEKING

*/s/ Steven R. Wedeking*
STEVEN R. WEDEKING

5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile (619) 525-3991
E-mail: brobbins@robbinsllp.com
    csmith@robbinsllp.com
    swedeking@robbinsllp.com

WEISSLAW LLP
DAVID C. KATZ (admitted *pro hac vice*)
MARK D. SMILOW (*pro hac* to be filed)
JOSHUA RUBIN (*pro hac to be filed*)
1500 Broadway, 16th Floor
New York, NY 10036
E-Mail: dkatz@weisslawllp.com
    msmilow@weisslawllp.com
    jrubin@weisslawllp.com

WEISSLAW LLP
Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile (310) 209-2348
E-mail: jelkins@weisslawllp.com

*Co-Lead Counsel for Plaintiffs*

Dated: August 11, 2020

ORRICK HERRINGTON AND SUTCLIFFE LLP
MELINDA L. HAAG
JAMES N. KRAMER
ALEXANDER K. TALARIDES

*/s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES

The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
E-mail: mhaag@orrick.com
      jkramer@orrick.com
      atalarides@orrick.com

*Counsel for Nominal Defendant Apple Inc.*

I, Alexander K. Talarides, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order to Continue Stay of Action.  In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES

\*\*\*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

- 4 -
STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY