JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Nominal Defendant Apple Inc.

[Additional Counsel on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Lead Case No. 4:19-cv-05153-YGR<br>(Consolidated with Cases No. 4:19-cv-05863-YGR, 4:19-cv-05881-YGR, and 4:19-cv-08246-YGR)<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF ACTION**<br><br>Judge: Yvonne Gonzalez Rogers<br>Date Action Filed: August 19, 2019 |

Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, and the Rosenfeld Family Foundation (collectively "Plaintiffs"), and nominal defendant Apple Inc. ("Apple"), by and through their undersigned counsel, stipulate as follows:

WHEREAS, the complaints filed in this consolidated stockholder derivative action (the "Derivative Action") allege, *inter alia*, breaches of fiduciary duty and violations of the Securities Exchange Act of 1934 by certain officers and directors of Apple (collectively with Apple, the "Defendants");

WHEREAS, a consolidated securities fraud class action captioned *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (N.D. Cal.) is currently pending in this Court (the "Federal Securities Action"), and is factually related to this Derivative Action;

WHEREAS, the Court has previously entered orders, pursuant to stipulations submitted by the parties, temporarily staying the Derivative Action pending further developments in the Federal Securities Action (*see, e.g.,* Dkt. No. 43); and

WHEREAS, the most recently ordered stay expired on January 4, 2021 (60 days following the Court's entry of its decision on the motion to dismiss the Revised Consolidated Class Action Complaint in the Federal Securities Action, granting in part and denying in part the motion);

WHEREAS, the Court in the Federal Securities Action recently held a Case Management Conference and issued a Case Management Order setting a fact discovery deadline of March 16, 2022;

WHEREAS, the parties agree that it would serve the interests of judicial economy and conserve party resources to continue the current stay of proceedings and stay the Derivative Action until a date 30 days after the close of fact discovery in the Federal Securities Action;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their respective counsel of record, as follows:

1. Except as specifically set forth herein, all proceedings in the Derivative Action, including any obligation to respond to any complaint, are hereby stayed until a date 30 days after the close of fact discovery in the Federal Securities Action.

2. During the pendency of the stay of proceedings, Apple shall advise Plaintiffs of any mediation with the plaintiff(s) in the Federal Securities Action and endeavor in good faith to include

Plaintiffs in any such mediation. In the event that Plaintiffs are not able to participate, then Apple will endeavor in good faith to arrange a separate mediation with Plaintiffs in regard to the derivative claims on a date close to the mediation in the Federal Securities Action. If Apple engages in mediation or other formal settlement negotiations regarding the same or similar facts as those alleged in the Derivative Action with any Company shareholder during the pendency of the stay of proceedings, Apple agrees to endeavor in good faith to include Plaintiffs in any such mediation or other formal settlement negotiations.

3. The composition of Apple's Board of Directors that will be considered in connection with determining whether Plaintiffs' operative consolidated complaint, amended or otherwise, has adequately pled that a pre-litigation demand on the Company's Board of Directors would have been futile shall be the composition of the Board of Directors as of August 19, 2019, the date the earliest of the actions consolidated into this Derivative Action was initiated.

4. Plaintiffs may file a consolidated complaint during the pendency of the stay of proceedings. The filing of a consolidated complaint shall not affect the pendency of the stay of proceedings. Defendants shall not be required to move, answer, plead, or otherwise respond to any consolidated complaint during the pendency of the stay of proceedings.

5. This stay shall not preclude Plaintiffs from pursuing, during the course of the stay, any rights Plaintiffs may have individually or collectively to inspect the Company's books and records pursuant to California Corporations Code section 1601 ("Section 1601"), nor shall it impact Apple's rights or defenses in response to any demand pursuant to Section 1601.

6. Any party may lift the stay by providing thirty (30) days' written notice to all counsel of record via e-mail that they no longer consent to the voluntary stay of this Derivative Action.

7. Within forty-five (45) days of the expiration or lifting of the stay pursuant to paragraphs 1 or 6 hereof, the parties will meet and confer to agree upon a schedule for proceedings in the Derivative Action and file a stipulation regarding the same with the Court.

8. By entering into this stipulation, the parties do not waive any rights or defenses not specifically addressed herein.

|     |                          |                                                           |
| --- | ------------------------ | --------------------------------------------------------- |
| 1   | **IT IS SO STIPULATED.** |                                                           |
| 2   |                          |                                                           |
| 3   | Dated: January 21, 2021  | ROBBINS LLP                                               |
| 4   |                          | BRIAN J. ROBBINS<br>CRAIG W. SMITH<br>STEVEN R. WEDEKING  |

              /s/ Craig W. Smith
        ———————————————————————
                CRAIG W. SMITH

        5040 Shoreham Place
        San Diego, CA 92122
        Telephone: (619) 525-3990
        Facsimile (619) 525-3991
        E-mail: brobbins@robbinsllp.com
                csmith@robbinsllp.com
                swedeking@robbinsllp.com


        WEISSLAW LLP
        DAVID C. KATZ (admitted *pro hac vice*)
        MARK D. SMILOW (*pro hac* to be filed)
        JOSHUA RUBIN (*pro hac to be filed*)
        1500 Broadway, 16th Floor
        New York, NY 10036
        E-Mail: dkatz@weisslawllp.com
                msmilow@weisslawllp.com
                jrubin@weisslawllp.com

        WEISSLAW LLP
        Joel E. Elkins
        9107 Wilshire Blvd., Suite 450
        Beverly Hills, CA 90210
        Telephone: (310) 208-2800
        Facsimile (310) 209-2348
        E-mail: jelkins@weisslawllp.com

        *Co-Lead Counsel for Plaintiffs*

Dated: January 21, 2021  ORRICK HERRINGTON AND SUTCLIFFE LLP
JAMES N. KRAMER
ALEXANDER K. TALARIDES

                             /s/ Alexander K. Talarides
                             ALEXANDER K. TALARIDES

The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
E-mail: jkramer@orrick.com
        atalarides@orrick.com

*Counsel for Nominal Defendant Apple Inc.*

I, Alexander K. Talarides, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order to Continue Stay of Action. In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

                             /s/ Alexander K. Talarides
                             ALEXANDER K. TALARIDES

***

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____         _____
                                    HONORABLE YVONNE GONZALEZ ROGERS
                                    UNITED STATES DISTRICT JUDGE