UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION** | **CASE NO. 4:19-CV-05153-YGR**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, AND FINAL FAIRNESS HEARING**<br><br>Dkt. No. 70 |

On April 16, 2024, the Court held a hearing on plaintiffs' unopposed motion for preliminary approval of the parties' proposed settlement. (Dkt. No. 70.) Shane Sanders and David Katz appeared for plaintiffs, and Alexander K. Talarides appeared for defendant.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the parties' settlement agreement and settlement notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of settlement.

**I.     BACKGROUND**

On August 19, 2019, plaintiff Terrence Zehrer filed a stockholder derivative complaint on behalf of Apple asserting claims for breach of fiduciary duty, waste of corporate assets, unjust enrichment, and indemnification and contribution. (Dkt. No. 1.) Three related shareholder derivative complaints were later filed asserting substantially similar claims arising out of the same facts and circumstances: (i) *Fine, et al. v. Cook, et al.*, Case No. 4:19-cv-05863-YGR (filed September 20, 2019); (ii) *Bankhalter v. Cook, et al.*, Case No. 4:19-cv-05881-YGR (filed September 20, 2019); and (iii) *Votto v. Cook*, et al., Case No. 4:19-cv-08246-YGR (filed December 18, 2019). The Court entered an order consolidating the actions on March 11, 2020. (Dkt. No. 20.)

After lengthy negotiations the parties reached a settlement with the assistance of an experienced mediator on February 8, 2024. (Dkt. No. 70 at 2; Dkt. No. 71-1 at 26.) The settlement agreement (*see* Dkt. No 71-1, hereafter "Settlement Agreement") releases claims against Apple by the aforementioned plaintiffs in addition to plaintiffs in two related California cases and two Apple shareholders who made a demand on Apple's board, demanding a board investigation of the facts and circumstances at issue in this case. (Dkt. No. 70 at 10-11; Settlement Agreement at 14.)

**B.     Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendant Apple will undertake policy, corporate governance, and oversight reforms designed to prevent recurrence of the same or similar alleged misconduct and corporate injury that plaintiffs claim in this case. (Dkt. No. 70 at 12.) The reforms, detailed in Exhibit A to the Settlement Agreement, are designed to help restore and maintain investor and customer confidence in Apple's commitment to address expeditiously, fairly, and transparently product performance issues as they arise. (*Id.*)

*1.     Attorneys' Fees and Costs*

Under the Settlement Agreement, plaintiff's counsel agreed to seek up to $6,000,000 in attorneys' fees and up to $5,000 to be paid to each plaintiff as an incentive award in exchange for a general release of all claims against defendant. (Settlement Agreement at 19-20.)

*2.     Class Relief*

The Settlement Agreement provides no cash to the shareholder class as part of the settlement. Instead, relief is offered in the form of policy, governance, and oversight reforms described above.

**II.     PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**A.     Legal Standard**

Under Federal Rule of Civil Procedure 23.1, a derivative action may be settled only with the court's approval. Fed. R. Civ. P. 23.1(c). It has long been held within the Ninth Circuit that Rule 23's requirements for approval of class action settlements apply to proposed settlements of derivative actions. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995). During the preliminary approval stage, courts "determine whether the settlement falls 'within the range of possible approval.'" *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2015 WL 3957746,

at *6 (N.D. Cal. June 28, 2015) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)). Courts must consider "whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

In deciding whether to approve the settlement of a derivative action, "[t]he principal factor to be considered . . . is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." *In re Pinterest Derivative Litig.*, 2022 WL 484961, at *3 (N.D. Cal. Feb 16, 2022) (*citing In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *2 (N.D. Cal. Nov. 5, 2008). Courts "may consider a range of factors, including the strength of the plaintiffs' case, the risk, expense, complexity, and likely duration of further litigation, the amount offered in settlement, the stage of the proceedings, the experience and views of counsel, and the reaction of class members to the proposed settlement." *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 605 (9th Cir. 2017) (*citing Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Hanlon*, 150 F.3d at 1026.

**B.      Settlement Agreement Appears Fair and Reasonable**

The Settlement Agreement, a copy of which is attached hereto as Exhibit A, is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the shareholders and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Absent settlement, plaintiffs urge they would need to overcome significant challenges. For instance, in this kind of case, "the odds of winning [a] derivative lawsuit [a]re extremely small." *Pac. Enters.*, 47 F.3d at 378. At the pleadings stage, demand futility must be pled with particularity as to a majority of Apple's directors, a super-majority of whom are independent, non-employee directors. See Cal. Corp. Code § 800(b)(2); see also Fed. R. Civ. P. 23.1. The demand futility requirement is satisfied only under "extraordinary conditions[.]" *Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 90, 96 (1991)). The shareholders who demanded a

3

1  board investigation face an even higher hurdle, because a board that "reject[s] the demand is
2  entitled to the presumption of the business judgment rule." *Copeland v. Lane*, 2013 WL 1899741,
3  at *7 (N.D. Cal. May 6, 2013). If plaintiffs succeed in pleading demand futility, Apple's board
4  "'may appoint a special litigation committee'" tasked with investigating and determining whether
5  to permit plaintiffs to prosecute the claims or to terminate the litigation. *Johnson v. Hui*, 752 F.
6  Supp. 909, 913-14 (N.D. Cal. 1990); *see Copeland v. Lane*, 2013 WL 1899741, at *7 (N.D. Cal.
7  May 6, 2013). If successful, plaintiffs would then face the unique challenges of a complex
8  securities case, including (i) building a circumstantial case for liability based upon thousands of
9  complex business and financial documents; (ii) proving actual damages in a battle of the experts;
10 (iii) overcoming motions for summary adjudication; (iv) securing a favorable judgment at trial
11 through circumstantial evidence comprised of complex corporate documents and the testimony of
12 predominantly hostile percipient witnesses and contested expert testimony; (v) maintaining that
13 judgment through post-trial motions and appeals; and (vi) enforcing any judgment as might be
14 obtained. Proceeding to trial would have been costly; recovery was not guaranteed; and protracted
15 appeals are possible. The governance benefits guaranteed by a settlement here outweigh the risks
16 of protracted litigation.

17 Counsel for both parties are highly experienced. The record does not indicate collusion or
18 self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

19 The Settlement Agreement appears to have been the product of arm's length and informed
20 negotiations. The relief provided for the shareholders appears to be adequate, taking into account:

21    (i) the costs, risks, and delay of trial and appeal;
22    (ii) the effectiveness of any proposed method of distributing relief to the shareholders;
23    (iii) the terms of any proposed award of attorney's fees, including timing of payment.
24 That said, as discussed during the hearing, the Court has concerns regarding the claims release
25 language. The settlement agreement defines "Settled Defendants' Claims" as "all Claims that
26 arise out of, are based upon, or *relate to* the commencement, litigation, or settlement of the
27 Actions . . . ." (Settlement Agreement at 14.) As the Court noted at its hearing on April 16, 2024,
28 the phrase "relate to" is duplicative and vague. Its inclusion risks unnecessary litigation over the

4

1  scope of the released claims.  The Court will evaluate the Settlement Agreement fully at the

2  Fairness and Final Approval Hearing.

3  **III.     PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

4      **A.     Notice Plan**

5  A court must "direct notice . . . in a reasonable manner to all class members who would be

6  bound by the proposal." Fed. R. Civ. P. 23(e)(1).  Notice to shareholders "must be 'reasonably

7  calculated, under all the circumstances, to apprise interested parties of the pendency of the action

8  and afford them an opportunity to present their objections.'" *Lloyd v. Gupta*, No. 15-cv-04183-MEJ,

9  2016 WL 3951652, at *6 (C.D. Cal. July 22, 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr.

10 Co.*, 339 U.S. 306, 314 (1950)).  Adequate notice requires: (i) the best notice practicable; (ii)

11 reasonably calculated, under the circumstances, to apprise the shareholders of the proposed

12 settlement and of their right to object as provided in the settlement agreement; (iii) reasonable and

13 constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet

14 all applicable requirements of due process and any other applicable requirements under federal law.

15 *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  Due process requires "notice reasonably

16 calculated, under all the circumstances, to apprise interested parties of the pendency of the action

17 and afford them an opportunity to present their objections." *Mullane* 339 U.S. at 314.

18 The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs

19 have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated,

20 under the circumstances, to apprise the shareholders of the proposed settlement and of their right

21 to object as provided in the settlement agreement; (iii) reasonable and constitute due, adequate,

22 and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable

23 requirements of due process and any other applicable requirements under federal law.

24 The Court approves form of the Notice of Pendency and Proposed Settlement of

25 Shareholder Derivative Actions attached as Exhibit B to this Order.  This notice is understandable

26 given the language needs of the shareholders, provides contact information for class counsel,

27 provides a web address where shareholders can find the notice, motions, and other important

28 documents, and instructions on how to access the case docket.  The notice will be distributed on

Apple's website, an SEC filing, publication in *Investor's Business Daily*, and via press release on GlobeNewswire. Notice is therefore sufficient to inform shareholders of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, and the date and location of the Fairness and Final Approval Hearing. The form of plan of notice are therefore **APPROVED**.

### B. Objections

Any current Apple shareholder shall have the right to object to (1) the Settlement Agreement, or (2) the agreed-to Fee and Expense Amount and/or Service Awards, by filing a written objection with the Court and stating whether they intend to appear at the Fairness and Final Approval Hearing, as set forth in the Notice, no later than fourteen (14) calendar days prior to the Fairness and Final Approval Hearing. Failure to submit a timely written objection will preclude consideration of the shareholder's later objection at the time of the Fairness and Final Approval Hearing.

### F. Attorneys' Fees and Class Representative Awards

Plaintiffs and their counsel shall file their motion for attorneys' fees no later than at least 21 calendar days prior to the Fairness and Final Approval Hearing. Each shareholder shall have the right to object to the motion for attorneys' fees by filing a written objection with the Court no later than at least fourteen (14) calendar days before the Fairness and Final Approval Hearing. Plaintiffs shall file a reply brief responding to any timely objection no later than at least seven (7) calendar days before the Fairness and Final Approval Hearing.

### G. Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than at least twenty-one (21) calendar days before the Fairness and Final Approval Hearing.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, July 16, 2024, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate. The Court will hear all evidence and argument necessary to

evaluate the Settlement Agreement and will consider plaintiffs' counsel's motion for attorneys' fees.

Shareholders may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and plaintiffs' counsel's motion for attorneys' fees by filing a Notice of Intention to Appear no later than fourteen (14) calendar days prior to the Fairness and Final Approval Hearing.

The Court reserves the right to continue the date of the Fairness and Final Approval Hearing without further notice to shareholders.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

| Summary of Key Dates | |
| --- | --- |
| **Event** | **Date** |
| Notice to be sent to shareholders | Within ten (10) business days after the entry of this order. |
| Plaintiffs' counsel to file their motion for fees | At least twenty-one (21) calendar days prior to the Fairness and Final Approval Hearing |
| Motion for Final Approval to be filed | At least twenty-one (21) calendar days prior to the Fairness and Final Approval Hearing |
| Postmark deadline to submit objection | At least fourteen (14) calendar days before the Fairness and Final Approval Hearing |
| Plaintiffs' counsel to file any replies or responses to shareholder objections | At least seven (7) calendar days before the Fairness and Final Approval Hearing |
| Fairness and Final Approval Hearing | Tuesday, July 16, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 70.

Dated: April 23, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**