**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLE INC. STOCKHOLDER DERIVATIVE LITIGATION** | **CASE NO. 19-CV-05153-YGR**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS;**<br><br>**JUDGMENT**<br><br>Dkt. No. 85 |

The Court previously granted a motion for preliminary approval of the Class Action Settlement between plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, The Rosenfeld Family Foundation, and John Votto and defendant Apple, Inc. on April 23, 2024. (Dkt. No. 81.) As directed by the Court's preliminary approval order, on June 25, 2024 plaintiffs filed (i) motion for final settlement approval and (ii) their motion for attorneys' fees, costs, and service awards. (Dkt. No. 85.)

Having considered the motion briefing, the terms of the Settlement Agreement (*see* Dkt. No. 81-1), the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval. The Court finds the settlement fair, adequate, and reasonable.

The Motion for Attorneys' Fees, Costs, and Incentive Awards is **GRANTED**. The Court **ORDERS** that class counsel shall be paid $6 million in attorneys' fees and expenses, and each named plaintiff shall be paid a $5,000 incentive award.

**I.     BACKGROUND**

   **A.     Procedural History**

On August 19, 2019, plaintiff Terrence Zehrer filed a stockholder derivative complaint on behalf of Apple asserting claims for breach of fiduciary duty, waste of corporate assets, unjust enrichment, and indemnification and contribution. (Dkt. No. 1.) Three related shareholder derivative complaints were later filed asserting substantially similar claims arising out of the same facts and circumstances: (i) *Fine, et al. v. Cook, et al.*, Case No. 4:19-cv-05863-YGR (filed

1   September 20, 2019); (ii) *Bankhalter v. Cook, et al.*, Case No. 4:19-cv-05881-YGR (filed September

2   20, 2019); and (iii) *Votto v. Cook*, et al., Case No. 4:19-cv-08246-YGR (filed December 18, 2019).

3   The Court entered an order consolidating the actions on March 11, 2020. (Dkt. No. 20.)

4       The parties then conducted lengthy negotiations and eventually reached a settlement with the

5   assistance of an experienced mediator on February 8, 2024. (Dkt. No. 70 at 2; Dkt. No. 71-1 at 26.)

6   The settlement agreement (Dkt. No 82-1, hereafter "Settlement Agreement") releases claims against

7   Apple by the aforementioned plaintiffs in addition to plaintiffs in two related California cases and

8   two Apple shareholders who made a demand on Apple's board, demanding a board investigation of

9   the facts and circumstances at issue in this case. (Settlement Agreement at 13-14.)

### B.     Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant Apple will undertake policy, corporate governance, and oversight reforms designed to prevent recurrence of the same or similar alleged misconduct and corporate injury that plaintiffs claim in this case. (Settlement Agreement at 8-9, 13; Exhibit A-1.) The reforms, detailed in Exhibit A to the Settlement Agreement, are designed to help restore and maintain investor and customer confidence in Apple's commitment to address expeditiously, fairly, and transparently product performance issues as they arise. (Dkt. No. 70 at 12.)

#### *1.     Attorneys' Fees and Costs*

Under the Settlement Agreement, plaintiffs' counsel agreed to seek up to $6,000,000 in attorneys' fees and expenses, and up to $5,000 to be paid to each plaintiff as an incentive award in exchange for a general release of all claims against defendant. (Settlement Agreement at 19-20.)

#### *2.     Class Relief*

The Settlement Agreement provides no cash to the shareholder class as part of the settlement. Instead, relief is offered in the form of policy, governance, and oversight reforms described above.

## II.    FINAL APPROVAL OF SETTLEMENT

### A.     Legal Standard

Under Federal Rule of Civil Procedure 23.1, a derivative action may be settled only with the court's approval. Fed. R. Civ. P. 23.1(c). It has long been held within the Ninth Circuit that Rule

*United States District Court*
*Northern District of California*

23's requirements for approval of class action settlements apply to proposed settlements of derivative actions. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995). During the preliminary approval stage, courts "determine whether the settlement falls 'within the range of possible approval.'" *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2015 WL 3957746, at *6 (N.D. Cal. June 28, 2015) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)). Courts must consider "whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

In deciding whether to approve the settlement of a derivative action, "[t]he principal factor to be considered . . . is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." *In re Pinterest Derivative Litig.*, 2022 WL 484961, at *3 (N.D. Cal. Feb 16, 2022) (*citing In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *2 (N.D. Cal. Nov. 5, 2008). Courts "may consider a range of factors, including the strength of the plaintiffs' case, the risk, expense, complexity, and likely duration of further litigation, the amount offered in settlement, the stage of the proceedings, the experience and views of counsel, and the reaction of class members to the proposed settlement." *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 605 (9th Cir. 2017) (*citing Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Hanlon*, 150 F.3d at 1026.

**B.    Analysis**

### *1.    The Settlement Class Meets the Prerequisites for Certification*

As the Court found in its order granting preliminary approval and conditional certification of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class. (*See* Dkt. No. 81.)

### *2. The Settlement Is Fair And Reasonable*

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. (Dkt. No. 81 at 3-5.)

3

1   The reaction of the shareholders was overwhelmingly positive. The Court received no
2   objections as of the July 2, 2024 deadline. "[T]he absence of a large number of objections to a
3   proposed class action settlement raises a strong presumption that the terms of a proposed class
4   settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559
5   F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at
6   577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs
7   (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of notice and administration. (Dkt. No. 81 at 5-6.) Parties complied with the approved plan of notice and administration. The Court verified that they (1) posted a copy of the long form notice and the Settlement Agreement on Apple's Investor Relations webpage, available at https://investor.apple.com/investor-relations/default.aspx; (2) published the summary notice in Investor's Business Daily and issued a press release with the Summary Notice on GlobeNewswire; and (3) filed with the U.S. Securities and Exchange Commission ("SEC") the long form notice and settlement agreement as exhibits to a Form 8-K. Plaintiffs made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the shareholders of the proposed settlement and of their right to object as provided in the Settlement Agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### *3.   Objections*

No individuals submitted objections. (Dkt. Nos. 85, 86.)

### *4.   Certification Is Granted and the Settlement Is Approved*

After reviewing all the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper.

### III.   MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of

4

1   Civil Procedure 23(h).  Such fees must be found "fair, reasonable, and adequate" in order to be

2   approved.  Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  To "avoid

3   abdicating its responsibility to review the agreement for the protection of the class, a district court

4   must carefully assess the reasonableness of a fee amount spelled out in a class action settlement

5   agreement."  *Id.* at 963.  "[T]he members of the class retain an interest in assuring that the fees to be

6   paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator

7   that the class has obtained less monetary or injunctive relief than they might otherwise.  *Id.* at 964.

8       Plaintiffs' counsel requests an attorneys' fee award of $6,000,000.  Based on the detailed

9   time records submitted by counsel, the attorneys' fees sought amount to approximately 1.93% of

10  its lodestar.  (Dkt. No. 85 at 24.)  Defendants do not oppose the fee request.

11      The Court analyzes an attorneys' fee request based on either the "lodestar" method or a

12  percentage of the total settlement fund made available to the class, including costs, fees, and

13  injunctive relief.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  The Ninth

14  Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical

15  or formulaic approach that results in an unreasonable reward."  *In re Bluetooth*, 654 F.3d at 944–

16  45 (citing *Vizcaino,* 290 F.3d at 1050–51.)

17      Under the lodestar approach, a court multiplies the number of hours reasonably expended

18  by the reasonable hourly rate.  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court

19  calculates the lodestar figure by multiplying the number of hours reasonably expended on a case

20  by a reasonable hourly rate.  A reasonable hourly rate is ordinarily the 'prevailing market rate [] in

21  the relevant community.'").

22      Using the lodestar method, the Court finds the attorneys' fees sought to be reasonable.  The

23  lodestar figure is 3,675.70 hours at various rates, across several attorneys at four firms, for a total

24  of $3,019,990.25.  (Dkt. Nos, 85-2 at 2, 85-3 at 3, 85-4 at 3, and 85-5 at 3.)  After subtracting

25  Plaintiffs' counsel's collective expenses of $160,104.59, the net fee amount is $5,839,895.41,

26  resulting in an implied multiple of 1.93 on plaintiffs' counsel's lodestar.  Plaintiffs' counsel's

27  hourly rates that are commensurate with their experience and with the legal market in this district.

28  The Court finds that the hours claimed were reasonably incurred and that the rates charged are

reasonable and commensurate with those charged by attorneys with similar experience in the market. The Court also finds that class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $160,104.59. (Dkt. No 85-1 at ¶79.) The Court has reviewed these expenses, finds them to be reasonable and the amount fair, appropriate and adequate.

### C. Incentive Award

The district court must evaluate a named plaintiff's requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977. "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). In shareholder derivative actions, an incentive award of $5,000 per plaintiff is reasonable. *See In re OSI Sys., Inc. Derivative Litig.*, 2017 WL 5642304 2017 WL 5642304, at *5 (finding "[n]amed plaintiffs ... eligible for reasonable incentive payments" of $5,000, noting "incentive payment[s] to come from the attorneys' fees awarded to plaintiff's counsel need not be subject to intensive scrutiny, as the interests of the corporation, the public, and the defendants are not directly affected.") (cleaned up).

Here, the plaintiffs came forward to represent the interests of Apple shareholders, with

very little directly to gain, due to the non-cash nature of the settlement. Because the laws are not self-enforcing, it is appropriate to give incentives to those who come forward with little to gain and at personal risk and who work to achieve a settlement that confers substantial benefits on others. Thus, the Court approves the requested incentive award payment for plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, The Rosenfeld Family Foundation, and John Votto.

### IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees, costs, and service awards is **GRANTED** as follows:

Class Counsel is awarded $5,839,895.41 in attorneys' fees and $160,104.59 in expenses, totaling $6,000,000. Plaintiffs Terrence Zehrer, Andrew Fine, Tammy Federman SEP/IRA, The Rosenfeld Family Foundation, and John Votto are granted an incentive award of $5,000 each.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on April 23, 2024, and this order. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

This terminates Docket Nos. 85.

Dated: July 17, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**